Jules CORNFIELD, Petitioner–
Appellee,

v.

Donna Klein CORNFIELD,
Claimant–Appellant.

No. 04–6690–cv.

United States Court of Appeals,
Second Circuit.

Oct. 18, 2005.

John P. James (Bernard D. Friedman, Andrew V. Buchsbaum, on the brief), Friedman & James LLP, New York, NY, for Appellant.

James E. Mercante (Gerald A. Greenberger, on the brief), Rubin, Fiorella & Friedman, LLP, New York, NY, for Appellee.

PRESENT: MESKILL, NEWMAN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Claimant-appellant Donna Klein Cornfield appeals from a judgment entered after a four-day bench trial at which the district court ruled that she had failed to prove that her father-in-law, petitioner-appellee Jules Cornfield, was liable in negligence for the tragic boating accident that claimed the lives of his son, Alan Cornfield, and a friend, Fred Hebig. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *The District Court's Findings of Fact*

■ Claimant submits that the district court erred in crediting Jules Cornfield's testimony as to the navigability of the waters on which he was fishing on October 1, 2001, the date of the accident. We review a district court's findings of fact after a bench trial, including findings as to witness credibility, only for clear error, and we will not reverse unless the challenged findings lack support in the record. *See* Fed.R.Civ.P. 52(a); *Anderson v. City of Bessemer City*, 470 U.S. 564, 573–74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Payne v. United States*, 359 F.3d 132, 134 (2d Cir.2004). That is not this case.

Contrary to claimant's argument, Jules Cornfield's testimony was not inexorably contradicted by other evidence. While certain rescue workers testified to seeing dangerous wave conditions on October 1,

2001, their observations pertained to areas outside Jones Inlet, particularly in the breakers area and West Bar. The district court carefully reviewed the totality of the evidence in explaining why it was not persuaded that Jules Cornfield, in fact, ventured into these treacherous waters at the time of the accident. We cannot conclude that this was clear error. Further, two witnesses, John Ferrar and Dr. Austin Dooley, offered direct (Ferrar) and expert (Dooley) testimony that, on October 1, 2001, the wave conditions in Jones Inlet, where Jules Cornfield testified he had been fishing, were calmer than in neighboring waters, thereby offering some corroboration for Cornfield's account. Trial Tr. at 285, 747.

Accordingly, we reject claimant's challenge to the district court's credibility finding with respect to Jules Cornfield.

2. *The Conclusion of Law on Negligence*

■ Claimant submits that the district court erred as a matter of law in failing to find negligence proved. The elements of negligence are familiar: duty, breach of duty, causation, and damages. *See, e.g., Chylinski v. Wal–Mart Stores, Inc.*, 150 F.3d 214, 218 (2d Cir.1998). Under general maritime law, a shipowner owes passengers a duty of reasonable care under the circumstances. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). In this circuit, a district court's conclusion as to negligence is reviewed *de novo*. *Payne v. United States*, 359 F.3d at 135 (noting contrary view of other circuits and commentators that negligence determination should be reviewed for clear error). Mindful that the underlying purpose of our *de novo* review rule is to ensure correct understanding and application of the law on negligence, *see Mamiye Bros. v. Barber S.S. Lines, Inc.*, 360 F.2d 774,

776 (2d Cir.1966) (Friendly, J.), we have held that " 'the trial court's finding should ordinarily stand unless the court manifests an incorrect conception of the applicable law,' " *Payne v. United States*, 359 F.3d at 137 (quoting *Esso Standard Oil S.A. v. S.S. Gasbras Sul*, 387 F.2d 573, 580 (2d Cir.1967)). Indeed, we have suggested that reversal is warranted only " 'where contrary decisions rest on exactly the same facts.' " *Id.* (quoting *Dinnerstein v. United States*, 486 F.2d 34, 37 n. 2 (2d Cir.1973) (internal quotation marks omitted)).

In this case, claimant submits that it was negligent for Jules Cornfield to launch his boat on the date of the accident without checking marine weather forecasts. As claimant concedes on appeal, the law has not recognized such an omission as *per se* negligent. The district court concluded that Cornfield had not been negligent on the day of the accident because he had made his usual visual checks of wind and water conditions, checks that, in his thirty years' boating experience, indicated to him that Jones Inlet was safely navigable. A Coast Guard videotape, the testimony of witnesses Weiss and Alcus, and the ability of Cornfield and his passengers to fish in Jones Inlet for some time without incident indicates that it was reasonable for Cornfield to rely on these familiar visual checks.

The closer question of whether Cornfield acted negligently in venturing out into the ocean depends on whether, as a consequence, Cornfield traveled into the treacherous waters in the barrier area and West Bar. The evidence on this point admitted no easy answer, but the district court persuasively explained why this factual scenario for the fatal accident was unconvincing. It further noted that two expert witnesses, Weiss and Dooley, confirmed the possibility of the accident occurring as Cornfield testified: by a rare, aberrational wave forming in Jones Inlet.

Because we cannot conclude that these findings of fact are clearly erroneous, we agree with the district court's legal conclusion that a preponderance of the credible evidence does not support the claimant's theory of negligence.

The November 29, 2004 judgment of the district court in favor of petitioner Jules Cornfield is hereby AFFIRMED.